FREDERICK H. JACKSON *vs.* CITY OF ELLENDALE.

Opion filed December 18th, 1894.

**Water Mains in City—Lateral Service Pipes—Duty to Repair—Severance of Connection.**

> A city established a system of water works which did not include lateral service pipes. These and the expenses of putting them in were to be paid for by the one who connected with the water main in the street. *Held*, that such lateral pipe was owned and must be kept in repair by the one who made the connection, and not by the city, and that the city was justified in severing such connection where the owner refused to pay the expenses of repairing a break in such lateral service pipe in the street a short distance from the main pipe, although he had paid his water rates for a period running beyond the time when said connection was severed.

Appeal from District Court, Dickey County; *Lauder*, J.

Application by Frederick H. Jackson for a peremptory writ of mandamus to compel the City of Ellendale to repair the service pipe connecting the city water main with his premises. From an order denying peremptory writ, plaintiff appeals.

Affirmed.

*George W. Parkes*, for appellant.

*A. D. Flemington*, for respondent.

CORLISS, J. The judgment appealed from denied plaintiff's application for a peremptory writ of mandamus. An alternative writ was issued. To this writ defendant interposed an answer. The proceeding was tried, and the court made its findings of fact and conclusions of law. Upon them the judgment appealed from rests. We will first consider whether these findings of fact, so far as they are unchallenged, warrant the judgment. The unchallenged facts which they embody are substantially the following: The defendant, the City of Ellendale, constructed a system of water works within its corporate limits for the benefit of its citizens. This system consisted of an artesian well and water mains laid in its streets. The construction of lateral service pipes was not a part of this system. These were to be constructed at the expense of the persons who desired to make connections with

such mains. It was provided by ordinance that, when any person desired to connect the water main with his premises, he should file a petition for that purpose, stating the number of feet, kind, and size of the pipe he desired to lay down in making the connection, and also stating the total cost thereof for work and materials; and it was further provided that he should pay the city clerk a sufficient sum of money to pay for such work and materials. Such ordinance further declared that no one should use water from this system without first paying "all costs and expense of furnishing and putting in the pipe to connect the water main with his premises." The plaintiff paid his water rates in full to November 1, 1894, On the 18th of November, 1893, plaintiff's service pipe broke in the street, a short distance from the main pipe. Plaintiff was requested by the city to pay or bear the expense of repairing such break. He refused to do either. Thereupon his connection with the water main was severed by the city.

This proceeding was instituted to compel the city and its officers to restore such connection. We have neither statutory provision nor ordinance to aid us in the settlement of this case. Upon the vital points, we are left entirely to general principles. In the first place, there is no express declaration in any ordinance as to the ownership of these service pipes after they are constructed. Neither is there any legislation on the subject. But it is provided in the ordinance referred to that the owner of the land shall pay all expenses of making the connection. His ownership of the service pipe naturally follows, there being nothing to call for a different conclusion. The water system established by the city, and which it must maintain, stops at the main. It does not embrace service pipes. These are to be paid for and owned by the one who makes the connection with the main. This work is to be done under the control of the city, to prevent the waste of water from leakage because of bad wormanship or poor material. But the fact remains that it is the owner of the property who makes and pays for the connection, and who there-

fore owns this lateral pipe. When the city has kept its main pipe in order, and has brought its water to the mouth of the connecting service pipe, and has started that water flowing in that pipe towards the premises of the one who has made such a connection, it has discharged its duty. It is under no obligation to keep in repair a pipe which is not a part of its system, and which it does not own. What is the duty of the one who has made such connection with respect to the service pipe owned by him? Obviously, he must not suffer it to remain in defective condition, thus wasting the water of the city. His duty is an implied one. It arises out of the very nature of the case. If he fails to discharge it, the city, to prevent waste of water, may stop the flow of water into this lateral pipe when it is being wasted because the owner of such pipe refuses to keep it in repair. There being no cut off between the break and the main pipe, the only way to stop the waste in this case was by severing the connection, and plugging up the main, or by plugging the lateral pipe when it leaked. The latter was done. We are asked to compel the city to undo this. We are unable to discover any principle upon which we should command the city and its officers to restore this connection so long as plaintiff refuses to pay the expenses of repairing this lateral pipe. He would not have been allowed originally to receive water through a leaky pipe. Neither can he insist that it is his right to continue to receive water through a pipe after he has refused to mend it, which has become leaky since the connection was made.

The record discloses numerous specifications of errors of law, but they all relate to matters which are foreign to the material facts of the case. The material facts are undisputed, and there is no claim of any error connected with the proof of such facts. The only attack upon the findings is with respect to a matter which may be eliminated from the findings without affecting the judgment. These alleged errors are therefore not prejudicial.

The judgment is affirmed. All concur.